## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Michael B. Lanier, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Norfolk Southern Corporation, Norfolk | ) | |
| Southern Railway Company, Benjamin | ) | C.A. _____ |
| Aiken, Mike Ford and James Thornton, | ) | |
| | ) | |
| Defendants. | ) | |

**TO:    The Honorable District Court of the United States for the District Of South Carolina, Aiken Division**

The defendants, Norfolk Southern Corporation (hereinafter "NSC") and Norfolk Southern Railway Company (hereinafter "NSRC"), file this notice of removal pursuant to 28 U.S.C. § 1441, thereby removing this case from the Court of Common Pleas for Aiken County, State of South Carolina, to the United States District Court for the District of South Carolina, Aiken Division.  In support of this notice of removal, these defendants state as follows:

NSC and NSRC are parties to a civil action brought against them in the Court of Common Pleas of Aiken County titled " Michael B. Lanier v. Norfolk Southern Corporation, Norfolk Southern Railway Company, Benjamin Aiken, Mike Ford, and James Thornton," C.A. No. 2005-CP-02-1625, which action was commenced by the filing of a summons and complaint on December 9, 2005.  Upon information and belief, no further proceedings have taken place in this matter.  As discussed further below, removal is proper based on diversity jurisdiction, federal question jurisdiction, federal officer doctrine and under the Class Action Fairness Act. See 28 U.S.C. §§ 1331, 1332, 1367(a), 1442(a)(1) and the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 12 (codified as amended 28 U.S.C. 1453(b) and 1332(d)(2)) .

1

1.      Receipt of complaint:  NSC and NSRC received a copy of the summons and complaint on December 12, 2005.

2.      Service of complaint:  A copy of the summons and complaint has not yet been served on NSC or NSRC.  Upon information and belief, no other defendants have been served.

3.      Removal is proper under the Class Action Fairness Act:  The United States District Court for the District of South Carolina, Aiken Division, has original subject matter jurisdiction of this civil action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 118 Stat. 12, codified as amended 28 U.S.C. § 1453(b).  Plaintiff seeks recovery of alleged damages including: loss of income past, present and future, loss of livelihood, loss of job security, loss of job related benefits past, present and future, loss of seniority benefits, loss of future earning capacity, loss of enjoyment of life and fellow companionship of workers, mental anguish, psychological trauma and uncertainty as to the future, other damages allowed at trial and punitive damages.  (See Compl. ¶¶ 33 & 34).  The allegations of injuries and damages sought in the complaint are substantial and the amount in controversy is greatly in excess of $5,000,000.00, as aggregated pursuant to 28 U.S.C. § 1332(d)(2).  In addition, the purported class members are citizens of a state different from these defendants, who are primary defendants from whom significant relief is sought but who are not residents of South Carolina.  See 28 U.S.C. § 1332(d).  Thus, the jurisdictional requirements of the Class Action Fairness Act of 2005 are satisfied and this Court has original subject matter jurisdiction.  Removal under the Class Action Fairness Act of 2005 does not require the consent of co-defendants.  See 28 U.S.C. § 1453(b).

4.      Grounds for diversity jurisdiction:  The United States District Court for the District of South Carolina, Aiken Division, has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all

parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. NSC and NSRC are corporations organized and existing pursuant to the laws of the State of Virginia with their principal places of business in Norfolk, Virginia. Thus, NSC and NSRC are citizens of Virginia. Upon information and belief, the plaintiff, Michael B. Lanier, is a resident and citizen of South Carolina. (See Complaint, Introductory Paragraph).

Defendants Benjamin Aiken (hereinafter "Aiken"), Mike Ford (hereinafter "Ford") and James Thornton (hereinafter "Thornton") are citizens of South Carolina. However, the residency of Aiken, Ford and Thornton must be disregarded because Plaintiff has fraudulently named them as defendants in order to defeat the removal of this action. The joinder of Aiken, Thornton and Ford is fraudulent because Plaintiff has no real intention in good faith to seek a joint judgment against these individual former employees, particularly in view of the magnitude of the damages sought. Moreover, the presence of NSC and NSRC as defendants renders the joinder of these defendants unnecessary to satisfy any judgment. See Linnin v. Michielsens, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) (finding fraudulent joinder where "Plaintiff has 'no real intention [of] get[ting] a joint judgment'" against the employee defendant); see also Alexander v. Elec. Data Sys. Corp., 870 F. Supp. 749, 752 (E.D. Mich. 1994) (holding that removal was proper under a sham defendant analysis when there was no intention to seek joint judgment against the individual nondiverse defendants and the nondiverse defendants were named jointly and severally with the corporate defendant and there was "no concern that [the corporate defendant] would be unable to satisfy any judgment against them in this matter"); Scientific Computers, Inc. v. Edudata Corp., 596 F. Supp. 1290 (D. Minn. 1984) (holding joinder of nondiverse defendants was fraudulent when there was no intent to obtain a joint judgment against them).

Further, the amount in controversy requirement for diversity jurisdiction is satisfied. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiff

seeks recovery of alleged damages as described above. (See Compl. ¶¶ 33 & 34). The allegations of injuries and damages sought in the complaint are substantial and similar to other actions in which other plaintiffs have sought and recovered damages in excess of $75,000.00. Thus, the jurisdictional amount is satisfied. See 28 U.S.C. § 1332.

5.    Grounds for federal question jurisdiction: This Court has jurisdiction under 28 U.S.C. § 1331. NSRC is heavily regulated by the federal government and plaintiffs have alleged the defendants violated federal regulations and law concerning the devices, equipment, signals and other methods in place to alert oncoming trains of a misaligned switch.   (See Compl. ¶ 16). Plaintiff's claims involve issues of federal law related to, *inter alia*, signage, warning devices, speed, inspection, transport of hazardous materials, and hours of service, which center on interpretation of and compliance with federal laws and regulations. (See Compl. ¶¶ 5, 11, 16). Plaintiff's claims require resolution of issues premised on the application of federal law and regulations and whether such federal law and regulations were violated. Accordingly, federal issues are actually in dispute, the federal issues are substantial, and the exercise of jurisdiction by this Court is consistent with congressional judgment about the sound division of labor between the state and federal courts. See, e.g., Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 125 S. Ct. 2363, 2369-70 (2005) (holding that federal question jurisdiction exists notwithstanding the fact that Congress did not provide a private right of action in the federal statute forming the basis of the substantial federal question); see also Ormet Corp. v. Ohio Power Co., 98 F.3d 799 (4th Cir. 1996) (holding that where the resolution of a federal issue in a state-law cause of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory regime, the need for uniformity becomes a substantial federal interest, justifying the exercise of jurisdiction by federal courts).

6.    <u>Grounds for federal officer doctrine</u>:  In addition, to the extent that this action alleges that defendants failed to employ or incorporate adequate, necessary, reasonable safety and warning devices, procedures or practices into the switching devices, railway lines, tank cars, locomotives or other related equipment, this action is removable based upon the federal officer doctrine, without regard to diversity of citizenship, pursuant to 28 U.S.C. § 1442(a)(1).   The standards for removal under this statutory provision are satisfied.

First, in complying with extensive regulations governing the operation of the trains in question and the transport and handling of hazardous materials, which regulations are mandatory, defendants were acting under the direction of several federal regulatory agencies, including the United States Department of Transportation (DOT), the Federal Railway Administration (FRA) and the Research and Special Programs Administration (RSPA), among others.

Second, compliance with these mandatory directions has caused the defendants to be sued, as plaintiffs necessarily allege that defendants should have departed from the mandatory requirements and standards applicable under federal law and regulation of railroads and the rail transport of hazardous materials.

Third, defendants have colorable federal affirmative defenses to these claims, i.e., the preemptive provisions of the Federal Railroad Safety Act (FRSA), 49 U.S.C. § 20106 and the preemptive provision of the Federal Hazardous Materials Transportation law (HMTA), 49 U.S.C. § 5125(a)(1), (a)(2) & (b).

Thus, this action is properly removed under 28 U.S.C. § 1442(a)(1).  <u>See</u>, <u>e.g.</u>, <u>Watson v. Philip Morris Cos.</u>, 420 F.3d 852 (8th Cir. 2005); <u>Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.</u>, 342 F. Supp. 2d 147 (S.D.N.Y.), opinion clarified, 341 F. Supp. 2d 386 (S.D.N.Y. 2004).

7.     <u>Grounds for supplemental jurisdiction</u>:     Finally, even if the court does not otherwise have jurisdiction, the plaintiff asserts claims that are identical to other claims before this Court and the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Currently pending before this Court are numerous cases which arise from the same incident and identical liability facts with individuals and companies seeking to recover damages arising out of the derailment.   In this case, plaintiff's claims are so related to the claims of the plaintiffs in Avondale I (Avondale Incorporated v. Norfolk Southern Corporation, et al., No. 1:05-2817-24) and Avondale II (Avondale Mills Incorporated, et al v. Norfolk Southern Corporation, No.: 1:05-3177-24) that Plaintiff's Complaint actually cites to the Complaint in Avondale II in support of his claims.   It is clear that the defendants' answers and affirmative defenses will be substantially similar and most, if not all, proffered evidence in both cases will apply to each claim.   See 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction"); <u>See</u> <u>also</u>, <u>Cohen v. Reed</u>, 868 F. Supp. 489, 494 (E.D.N.Y. 1994) (noting that supplemental jurisdiction is appropriate for a matter lacking original jurisdiction when it "involves many of the same factual intricacies" before the court in an action in which the district court has original jurisdiction); <u>Leith v. Lufthansa German Airlines</u>, 793 F. Supp. 808 (N.D. Ill. 1992) (denying remand of claims involving nondiverse parties and finding federal jurisdiction appropriate pursuant to 28 U.S.C. § 1367 because the claims were "so related" to other claims arising out of the original jurisdiction of the court when "the complaints, answers, and affirmative defenses are virtually identical" and "most of any proffered evidence will apply to each claim").   The claims asserted by the plaintiff and the claims asserted by the plaintiffs in all other pending cases arising from the Graniteville derailment are part of the same case or controversy under Article III of the United States

Constitution, and thus, the plaintiffs' claims may be removed to this Court pursuant to 28 U.S.C. § 1441(a) with supplemental jurisdiction appropriate under 28 U.S.C. § 1367(a).[1]

8.     Timely filed (30 days):  This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which these defendants received the summons and complaint.

9.     Timely filed (one year):  This action was not commenced in state court more than one year before the date of removal.

10.     Consent of other defendants:  All defendants have joined in this notice of removal.  (See "**Exhibit A"** for Co-defendants' Consents).

11.     Copies of state court papers:  Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing defendants are attached hereto as "**Exhibit B**."

12.     Reservation of defenses:  The defendants submit this notice of removal without waiving any defenses to the claims asserted by plaintiff or conceding that plaintiff has pled claims upon which relief can be granted or that this matter may be properly brought as a class action.  The defendants reserve all procedural, affirmative and any other defenses.

---

[1]     The following cases are also pending before this Court and all arise from the same incident that forms the basis of Plaintiff's complaint in this action:  Teal, et al v. Norfolk Southern Railway Company, No. 1:05-114-24; Norfolk Southern Railway Company v. Olin Corporation, et al., No. 1:05-125-24; Coon, et al. v. Norfolk Southern Corp., No. 1:05-148-24; Rodney Bakari Johnson, et al. v. Norfolk Southern Railroad Co., et al., No. 1:05-209-24; DeLoach, et al. v. Norfolk Southern Corp., et al., No. 1:05-132-24; Watson v. Norfolk Southern Railway Co., No. 1:05 256-24; Deal v. Norfolk Southern Railway Co., No. 1:05-253-24; Coleman, et al. v. Norfolk Southern Railway Co., No. 1:05-258-24; Ofori, et al. v. Norfolk Southern Railway Co., No. 1:05-254-24; Sanders, et al. v. Norfolk Southern Corp., et al., No. 1:05-470-24; Evelyn R. Griffin v. Norfolk Southern Railway Co., No. 1:05-592-24; Nathaniel Massey v. Norfolk Southern Railway Co., No. 1:05-598-24; Curtis Mitchell v. Norfolk Southern Railway Co., No. 1:05-596-24; Tawana Glover, et al v. Norfolk Southern Railway Co., No.: 1:05-657-24; Timothy J. McCullough v. Norfolk Southern Corporation, et al., No.: 1:05-894-24; Recardo Coleman v. Norfolk Southern Corporation, et al., No.: 1:05-1053-24; John Henry Laird, Sr. et al v. Norfolk Southern Corporation, et al., No.: 1:05-1681-24; Vera Bey et al. v. Norfolk Southern Corporation, et al, No.: 1:05-1811-24; Mark C. Broome v. Norfolk Southern Corporation, et al., No.: 1:05-1948-24; Lance Pinson et al v. Norfolk Southern Corporation, et al., No. 1:05-CV-2095-24; Avondale Incorporated v. Norfolk Southern Corporation, et al., No.: 1:05-2817-24; and Avondale Mills Incorporated, et al v. Norfolk Southern Corporation, No.: 1:05-3177-24.

7

December 13, 2005

s/Christopher M. Kelly
Daniel B. White (Fed. I.D. #4612)
W. Howard Boyd, Jr. (Fed. I.D. #1431)
Ronald K. Wray, II (Fed. I.D. #5763)
Christopher M. Kelly (Fed. I.D. #6999)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC 29603
(864) 271-9580
(864) 271-7502 FAX
dwhite@gwblawfirm.com
hboyd@gwblawfirm.com
rwray@gwblawfirm.com
ckelly@gwblawfirm.com


Attorneys for Defendants,
Norfolk Southern Corporation and
Norfolk Southern Railway Company