# Exhibit B

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE SECOND JUDICIAL CIRCUIT |
| COUNTY OF AIKEN ) | CIVIL ACTION NO. 05-CP-02-1625 |
| ) | |
| ) | $150.00 PAID |
| AVONDALE MILLS ) | Recpt. # 914717 |
| INCORPORATED, AVONDALE ) | Check # 1261 |
| MILLS GRANITEVILLE FABRICS, ) | |
| INCORPORATED, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | SUMMONS |
| ) | |
| NORFOLK SOUTHERN ) | Jury Trial Demanded |
| CORPORATION, NORFOLK ) | |
| SOUTHERN RAILWAY ) | FILED 12-9-2005 |
| COMPANY, BENJAMIN ) | |
| AIKEN, MIKE FORD, AND ) | |
| JAMES THORNTON, ) | |
| ) | |
| Defendants ) | |

**TO THE DEFENDANTS, ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint; upon the subscriber, at their office at 283 AP Nivens Street, Graniteville, South Carolina 29829, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for a judgment by default as to the relief demanded in the Complaint.

Respectfully submitted, this 9th day of December, 2005.

LAW OFFICE OF
DOUGLAS M. SCHMIDT, APLC

S.C. Bar No. 10432
283 AP Nivens Street
Graniteville, SC 29829
Phone (803) 663-1900
Fax (803) 663-1906

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF |
| COUNTY OF AIKEN ) | COMMON PLEAS |
| MICHAEL B. LANIER ) | FOR THE SECOND CIRCUIT |
| VERSUS ) | 05-CP-02-1626 |
| ) | CIVIL ACTION NO: |
| NORFOLK SOUTHERN CORP., ) | FILED 12-9-2005 |
| NORFOLK SOUTHERN RAILWAY ) | JURY TRIAL |
| COMPANY, BENJAMIN AIKEN, MIKE ) | |
| FORD AND JAMES THORTON ) | |

## CLASS ACTION COMPLANT FOR DAMAGES

COMES NOW, Michael B. Lanier a person of the full age of majority and a resident of Aiken County who individually and as class representative representing all those who are similarly situated, states the following, to wit:

1.

Made Defendant's herein:

(A) Defendant Benjamin Aiken is a person of full age of majority and a resident of South Carolina and at all times material herein was employed by the Defendant Norfolk Southern Corporation and was the engineer of Train I.

(B) Defendant, Mike Ford is a person of the full age of majority and a resident South Carolina and at all times material herein was employed by the Defendant Norfolk Southern Corporation and was the brakeman on Train I.

(C) Defendant, James Thornton is a person of the full age of majority and at all times material herein was employed by the Defendant Norfolk Southern Corporation and was the conductor of Train I.

(D) Defendant, Norfolk Southern Corporation is a foreign corporation organized and existing under the laws of Virginia but is authorized to do and doing business in Aiken, South Carolina. Furthermore, it owns real and personal property in South Carolina and regularly conducts business in South Carolina and in particular, Aiken County, South Carolina.

(E) Defendant, Norfolk Southern Railway Company is a foreign corporation organized and existing under the laws of Virginia, and owns real and personal property in South Carolina and in particular, Aiken County, South Carolina. Furthermore, the Defendant Norfolk Southern Railway Company regularly conducts business in the state of South Carolina and in particular, Aiken County, South Carolina. The Defendant, Norfolk Southern Railway Corporation is a subsidiary of the Defendant Norfolk Southern Corporation.

2.

At all material times hereto, the Defendants, Aiken, Ford and Thornton were acting in the course and scope of their employment with the Defendant, Norfolk Southern Railway Corporation and will be referred to collectively herein as "Train I Crew".

3.

Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Corporation have an agent and field office in Aiken County, South Carolina and all of the Defendants named in paragraph 1 of this Class Action Complaint for Damages caused

tortuous injuries and damages in Aiken County, South Carolina which will be fully described in subsequent paragraphs of this Complaint.

4.

Defendant, Norfolk Southern Railway Corporation is one of the largest rail carriers in the world, owning and/or operating more than twenty one thousand (21,000) miles of track in twenty-two states.

5.

The Defendant, Norfolk Southern Railway Corporation transports a wide variety of products on its railway systems, including, but not limited to dangerous, and toxic chemicals including but not limited to chlorine.

6.

On or about January 5, 2005, Defendants Aiken, Ford and Thornton were operating a train in Aiken County, South Carolina designated by the Defendant, Norfolk Southern Railway Corporation as a "local" train delivering rail cars containing a variety of materials and products to various industries along its rail line.

7.

On the afternoon of January 5, 2005, the Train I crew was scheduled to deliver rail cars containing materials to the Avondale plant and in order to do so, the Train I Crew had to open a rail switch from the main railroad line to a side rail which leads directly into the Avondale facility located in Graniteville in Aiken County, South Carolina.

8.

When it became apparent to the members of Train I Crew that they could not complete the delivery without violating the 12 hour work rule mandated by federal law, they decided to park the train at the Avondale facility for the night and to resume work at that location the next morning.

9.

Accordingly, the members of the Train I Crew parked some of the cars of the "local" train on Avondale property which was unusual and not a customary practice.

10.

The members of the Train I Crew could not park all the parts of the train on Avondale's property and upon information and belief, left two rail cars and a locomotive on the side rail a short distance from the main railroad line.

11.

The members of Train I Crew who were in a hurry so as not to violate the federal work rules, upon information and belief, failed to realign the switch to the main line before stopping work and leaving Graniteville, South Carolina in a taxi and returning to the railway office located in Aiken, South Carolina.

12.

In the early hours of January 6, 2005, while the "local" train was improperly parked on the side rail leading to the Avondale facility the Norfolk Southern Train No 192 (hereinafter referred to as Train 2) was traveling towards Graniteville, South Carolina. Train 2 composed of 3 locomotives and 48 rail cars some of which contained hazardous materials including but not limited to chlorine was traveling at a speed of 48 miles per hour on the main rail line.

13.

Because the Defendants of Train I Crew had not properly realigned the above described switch to its proper position to the main line before stopping work on January 5, 2005. Train 2 was diverted from the main line to the side rail where Train I was parked and Train I and Train 2 collided resulting in a catastrophic train derailment.

14.

As a result of the collision of Train I and Train 2 at least one tank car and maybe two containing chlorine was ruptured and chlorine gas was released into the air.

15.

All Defendants named in this complaint were responsible for ensuring that the manual switch was in the correct position so that Train 2 would not be diverted from the main line to the side rail and collide with Train I parked on the side rail.

16.

Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company did not have any devices, equipment, signals and/or other methods in place regarding these tracks to alert any oncoming trains such as Train 2 that the switch was misaligned so that it had plenty of time to stop before being improperly diverting onto the side rail causing it to collide with Train I. According to the report submitted by the Federal Railroad Administration misaligned switches are one of the leading causes of train wrecks.

17.

As a result of the collision of Train 2 with Train I described in the preceding paragraphs, at least one maybe more tank cars containing chlorine gas ruptured, causing chlorine gas to be released into the air and the surrounding community of Graniteville, South Carolina and beyond causing substantial harm to residents and businesses in the Graniteville surrounding area.

18.

When the chlorine gas was released as a result of the train derailment described in the preceding paragraphs, the prevailing wind, weather and geographic conditions existing on that day carried a cloud of highly corrosive and toxic gas into the surrounding area, including but not limited to the Avondale industrial complex located in Graniteville, South Carolina.

19.

According to the Complaint filed by Avondale Mills Incorporated and Avondale Mills Graniteville Fabrics, Incorporated (hereinafter referred to as Avondale) in the Court

of Common Pleas for the Second Judicial Circuit Court for the County of Aiken, CIVIL ACTION NO. 05-CP-02-1383 the train derailment created a cloud of chlorine gas which Avondale alleges was toxic, entered several of its facilities including but not limited to the Gregg Plant, the Woodhead Plant, the Stevens Steam Plant, the Hickman Plant, the Information Systems Building and the Main Office and other buildings.

20.

In addition, Avondale alleges that the chlorine gas caused catastrophic damage to its facilities including but not limited to continuous corrosion to its machinery and equipment which has severely reduced its ability to conduct its normal business operations.

21.

Avondale also alleges that its machinery and equipment were negligently cleaned and repaired by agents working under the supervision of the Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company which has impeded its ability to resume its normal business activities. It further alleges in its Complaint that the chlorine gas decimated all electrical circuitry and electronics within its facility (including critical control systems). Avondale further alleges its inventories were damaged and many inventoried materials and products had to be sold as salvage at reduced prices.

22.

In paragraph 28 of its Complaint described above, Avondale as a direct result of the train wreck and resulting highly toxic chlorine gas releases entering its facilities alleges that it has sustained damages for the following:
    a.    inspection and testing of real and personal property;
    b.    total loss of certain real and personal property;
    c.    temporary loss of the use of property;
    d.    clean-up and remediation costs in connection with real and personal property that is salvageable;
    e.    permanent, substantial loss in value of the property;
    f.    replacement of perishable items;
    g.    business interruption losses, including but not limited to reduced revenues, increased production costs, production delays, and lost profitability caused by the incident, lost entreprenual time, and the disruption and interference of the cleaning, replacement, and restoration process;
    h.    increased administrative costs and other out-of-pocket expenses;
    i.    damage to the long-term value of Avondale's business and its reputation and lost business opportunity; and
    j.    such other damage, as may be revealed in discovery.

23.

A factual report issued by the federal National Transportation Safety Board based on interviews it conducted directly after the train derailment verifies the facts as described in the preceding paragraphs and that the Defendants were at fault in causing the train derailment and the subsequent releases of toxic chlorine gas.

24.

Officials at Avondale have announced to its employees and the general public that it will lay off at least 350 employees representing approximately 15% of its work force because of the damage and disruption to its facilities caused by the negligence of the Defendants which resulted in the train derailment and subsequent releases of chlorine gas.

25.

On or about October 4, 2005, a Notice signed by Marcus K. Tapley, Executive Vice President and Sharon L. Rodgers, Vice President Human Resources of Avondale was posted throughout the Avondale facilities so that the employees could read it.

26.

The Notice identified in paragraph 25 described the problems faced by Avondale as a result of the plant's exposure to the toxic chlorine gas resulting from the train derailment caused by the negligence of the Defendants, Aiken, Ford Thornton, Norfolk Southern Corporation and Norfolk Southern Railway Company and summarized in the preceding paragraphs of this Complaint.

27.

The Notice identified above, describes the effects of the train derailment caused Avondale, forcing it to reduce the number of employees working at its individual facilities. It described the need to reduce its work force as follows:

The corrosive properties of the chlorine gas resulted in massive damage to our affected property and equipment. Early efforts to stop the damage failed. Current recovery efforts are focusing on restoration of our buildings. Equipment failures at affected plants continue to cause operating problems. Restoration processes have required temporary shutdown of equipment. The disruption is overwhelming. We have struggled for over eight months to effectively manage and balance production and recovery efforts.

At our Gregg Plant, disaster recovery efforts have forced the reduction of production levels to roughly half of plant capacity. Because of reduced finishing capacity, greige fabric requirements have been adversely affected, causing curtailment at our Swint, Horse Creek and Townsend Plants.

The damage and resulting interference caused by the recovery efforts are not of our making but is the result of the actions and negligence of Norfolk Southern. We have made every effort to maintain pre-disaster running schedules, but the extent of the damage is too great. We simply cannot manage the disaster recovery and run Gregg at full capacity. To properly clean and repair our equipment is proving to be an extended process which may require several years. We must recognize the reality of the situation.

As a result, we plan to reduce production at Gregg. This reduction of production will also reduce employment levels at Gregg. Additionally, weaving production must also be decreased to a level that supports the lower production at Gregg. The weaving production at our Townsend Plant will be consolidated into Swint and Horse Creek.

Townsend's yarn production will not be affected and will continue to support the Company's yarn requirements.

Affected Townsend weaving associates have options to displace less senior, qualified associates at Swint and Horse Creek within their same job classification. Affected Gregg associates will also be afforded displacement options based upon seniority and job qualifications. Over the next few weeks, human resources will be meeting individually with the affected associates at Gregg.

28.

Your Complainant, Michael B. Lanier was employed as a rangemaker at Avondale and at all material times herein was paid $11.30 per hour. He was employed by Avondale for approximately three and a half years.

29.

Your Complainant, was informed that he was being laid off because of economic hardship that Avondale had suffered as a result of the negligence of the Defendants, Aiken, Ford, Thornton, Norfolk Southern Corporation and Norfolk Southern Railway Company.

30.

Your Complainant has tried to find another job but to no avail.

31.

Your Complainant files this Complaint, individually and as class representative for all those individuals similarly situated in that they lost their jobs at Avondale because of the negligence of the Defendants in causing the train derailment and the subsequent releases of toxic chlorine gas.

32.

Your Complainant respectfully submits that this action satisfies the prerequisites for a class action pursuant to rule 23 of the rules of Civil Procedure of South Carolina. The class is so numerous that joinder of all members is impractical. There are questions of law and fact common to the class. The claims and defenses of the representative parties are typical of the claims of the representatives of the class. Class representative and his counsel will fairly and adequately protect the interest of the class. The relief sought is not injunctive or declaratory with respect to the class as a whole and the amount in controversy exceeds $100 per each member of the class.

33.

Your Complainant individually and on behalf of the class alleges that he sustained the following damages as a result of the Defendants negligence in causing the train derailment and the subsequent releases of toxic chlorine gas.
   a. loss of income past present and future
   b. loss of livelihood past present and future
   c. loss of job security past present and future
   d. loss of job related benefit past present and future
   e. loss of seniority benefits past present and future

    f. loss of future earning capacity
    g. loss of enjoyment of life and fellow companionship of the workers
    h. mental anguish past present and future
    i. psychological trauma and uncertainty as to the future
    j. any and all other damages the Court may allow at a trial on the merits

34.

Complainant, individually and as class representative respectfully submits that the Defendants' negligence in causing the train derailment and subsequent releases of toxic chlorine gas was wanton and reckless and in complete disregard to your complainant and others similarly situated that they are entitled to an award of punitive damages in accordance with the provisions of South Carolina law.

35.

Complainant Michael B. Lanier, individually and as class representative prays for a trial by jury for all issues contained herein in said Complaint.

WHEREFORE, your Complainant prays for the following relief:
    a. that this Court enter a judgment in favor of your Complainant individually and for all class members similarly situated who he represents as Class representative;
    b. that both pre and post judgment interest that has accrued on said damages be awarded herein: and
    c. that this Court grant your Complainant and on behalf of the Class such other and further relief as the Court deems just and proper.

Respectfully submitted
LAW OFFICE OF
DOUGLAS M. SCHMIDT, APLC

_____
DOUGLAS M. SCHMIDT
283 AP NIVENS STREET
GRANITEVILLE, SC 29829
PH. (803) 663-1900
FAX. (803) 663-1906

December 8, 2005
Graniteville, South Carolina

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF | ) | |
| Michael B. Lanier Plaintiff(s) | ) | CIVIL ACTION COVERSHEET |
| vs. | ) | 2005 - CP - 02 - 1625 |
| Norfolk Southern, et al | ) | |
| Defendant(s) | ) | |

| (Please Print) Submitted By: Douglas M. Schmidt | SC Bar #: 10432 |
|---|---|
| Address: 283 A.P. Wivens, Orangeville, SC. 29829 | Telephone #: 663-1900 |
| | Fax #: 663-1406 |
| | Other: |
| | E-mail: |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☒ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☒ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Other (299) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Other (399) Loss of employment | ☐ Building Code Violation (460) |
| | | | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | |
| ☐ Medical (620) | ☐ Other (699) | |

Submitting Party Signature: _____     Date: 12.9.2005

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et seq.

FILED
S.C.C.P.&G.S.

SCCA / 234 (5/04)                                                                                                  Page 1 of 2