IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Michael B. Lanier, )<br>        ) C/A No. 1:05-3476-MBS<br>            Plaintiff, )<br>        )<br>    vs. )<br>        )<br>Norfolk Southern Corporation, Norfolk )    **OPINION AND ORDER**<br>Southern Railway Company, Benjamin )<br>Aiken, Mike Ford, and James Thornton, )<br>        )<br>            Defendants. )<br>_____ ) | |

Plaintiff Michael B. Lanier filed this action in the Court of Common Pleas for the Second Judicial Circuit, South Carolina, on December 9, 2005. Plaintiff, "individually and as class representative representing all those who are similarly situated," seeks to certify a class of former employees of the Avondale Mills facilities in Graniteville, South Carolina. The putative class members allegedly were laid off or discharged from their employment subsequent to a train derailment on or near the Avondale Mills property that resulted in the release of chlorine gas. According to Plaintiff, the chlorine gas damaged Avondale Mills' property and equipment and interrupted production capacity, and consequently caused a reduction in employment levels. Plaintiff contends that Defendants' negligence resulted in the derailment, subsequent release of chlorine gas, eventual disruption of the Avondale Mills facilities, and consequent reduction in force. Defendants Norfolk Southern Corporation (NSC) and Norfolk Southern Railway Company (NSRC) removed the case on December 13, 2005.

This matter is before the court on Plaintiff's motion to remand filed January 11, 2006. NSC and NSRC filed a memorandum in opposition to Plaintiff's motion on January 30, 2006. Also before the court is NSC and NSRC's motion to dismiss filed January 6, 2006. On January 11, 2006, Defendants Aiken, Ford, and Thornton filed a motion to dismiss based on NSC and NSRC's motion Plaintiff filed a memorandum in opposition on January 31, 2006, to which NSC and NSRC filed a reply on February 10, 2006.

The court has reviewed the motions, memoranda, and applicable law. The court concludes that Plaintiff's motion to remand should be denied, and Defendants' motions to dismiss should be granted.

### A. MOTION TO REMAND

The right to remove a case from state to federal court derives from 28 U.S.C. § 1441, which provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

NSC and NSRC assert the following grounds for removal: (1) the Class Action Fairness Act, 28 U.S.C. § 1453(b) (CAFA); (2) diversity jurisdiction under 28 U.S.C. § 1332; (3) federal question jurisdiction under 28 U.S.C. § 1331; and federal officer jurisdiction under 28 U.S.C. § 1442(a)(1).

In addition, NSC and NSRC contend that the court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the claims in this case are so related to claims in other cases in which the court has jurisdiction that they comprise part of the same case or controversy. The court previously has ruled invalid NSC and NSRC's grounds for removal under diversity jurisdiction, federal question jurisdiction, federal officer jurisdiction, and supplemental jurisdiction. See Order filed May 1, 2006 in Management Case No. 1:06-mn-6000-MBS (Entry 56). The question becomes, then, whether removal is proper under the CAFA.

CAFA provides that federal courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million and there is minimal diversity, i.e., at least one plaintiff and one defendant are from different states. See 28 U.S.C. § 1332(d0(2). As a general rule, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). Because removal jurisdiction raises significant federalism concerns, the court must construe removal jurisdiction strictly. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). If federal jurisdiction is doubtful, a remand is necessary. Id. (citing cases).

Plaintiff does not address jurisdiction under CAFA in his motion to remand. NSC and NSRC assert that legislative history demonstrates a Congressional intent that, under CAFA, the burden shifts to Plaintiff to demonstrate that removal is improper. The court disagrees. The Eleventh, Ninth, and Seventh Circuits have rejected the argument that CAFA's legislative history alters the rule that a proponent of subject matter jurisdiction bears the burden of establishing federal jurisdiction. See Miedema v. Maytag Corp., 2006 WL 1519630 (11th Cir. June 5, 2006); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006); Brill v. Countrywide Home Loans, Inc.,

3

427 F.3d 466 (7th Cir. 2005).  This is because "'a committee report cannot serve as an independent statutory source having the force of law.'" Miedema, 2006 WL 1519630 *4 (quoting United States v. Thigpen, 4 F.3d 1573 , 1577 (11th Cir. 1993)).

NSC and NSRC assert that the amount in controversy is satisfied because Plaintiff has indicated that the proposed class consists of at least 350 persons who are seeking damages for loss of income, job benefits, seniority benefits, future earning capacity, loss of enjoyment of life, and mental and emotional injuries.  NSC and NSRC point out that it would take only $15,000 per plaintiff to meet the $5 million requirement, less than one year's pay.

Once the proponent of jurisdiction has set out the amount in controversy, only a legal certainty that the judgment will be less forecloses federal jurisdiction.  In re Intel Corp. Microprocessor Antitrust Litig., 2006 WL 1431214 (D. Del. May 22, 2006) (citing Brill, 427 F.3d at 448-49).  The court discerns no foundation in the record to support a finding to a legal certainty that the judgment would be less than $5 million.  Accordingly, the court concludes that the amount in controversy exceeds $5 million.

With respect to diversity, it appears that Plaintiff is a citizen of South Carolina; NSC and NSRC are corporations organized and existing pursuant to the laws of the State of Virginia with their principal places of business in Virginia.  Therefore, a member of the plaintiff class "is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A).  Removal jurisdiction under CAFA is proper.  Plaintiff's motion to remand is **denied**.

B.  MOTION TO DISMISS

Defendants jointly move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) requires that the court accept the allegations in the complaint as true, and all reasonable factual

inferences must be drawn in favor of the party opposing the motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, a motion to dismiss can be granted only if no relief could be obtained under the allegations of fact, if true. Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 891 (D. Del. 1991) (citing Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). However, the court is not required to adopt conclusory allegations or statements of law. Id. at 891.

Defendants contend that Plaintiff fails to state a claim upon which relief can be granted because they owed no legal duty to Plaintiff and the putative class members. The court agrees.

In order to establish a claim for negligence, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by negligent act or omission, and (3) damage proximately caused by the breach. Huggins v. Citibank, N.A., 585 S.E.2d 275, 276 (S.C. 2003) (citing Doe v. Batson, 548 S.E.2d 854 (2001)). An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Id. In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff. Id. (citing Faile v. South Carolina Dept. of Juvenile Justice, 566 S.E.2d 536 (2002)). The concept of duty in tort liability is not to be extended beyond reasonable limits. South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 326 (S.C. 1986). If there is no duty, the defendant is entitled to judgment as a matter of law. Id. at 277 (citing Simmons v. Tuomey Regional Med. Ctr., 533 S.E.2d 312 (2000)).

Plaintiff asserts indirect damages from the trail derailment in the form of economic loss. Persons who suffer indirect economic loss from loss of employment as a result of injury to the enterprise where they work usually cannot recover for such economic loss. F. Patrick Hubbard & Robert L. Felix, The South Carolina Law of Torts 49 (3d ed. 2004). This is based on the general rule

that "a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong. . . . The law does not spread its protection so far." Robins Dry Dock & Repair Co. v. Flint, 275 U.S. 303, 309 (1927). To hold otherwise would be to open the courts to a limitless recovery of economic injury. See Aikens v. Debow, 541 S.E.2d 576 (W. Va. 2000) (finding no duty by truck driver and employer to operator of motel and restaurant who sought damages for loss of income allegedly resulting from bridge closure caused by accident involving truck).

The within action is analogous to Aikens v. Baltimore & Ohio Railroad Co., 501 A.2d 277 (Pa. 1985). In that case, employees of the Motor Coils Manufacturing Company, Inc. brought an action for lost wages, alleging that the railroad's negligence caused a train derailment that damaged the Motor Coils plant and caused production at the plant to be curtailed. The Pennsylvania Supreme Court, relying on Robins Dry Dock, noted that, as a general rule, negligent harm to economic advantage alone is too remote for recovery under a negligence theory. Aikens, 501 A.2d at 279. The Aikens court observed that employees' right to wages existed by virtue of their relationship with the plant and not the railroad; therefore, the loss of wages was not a probable consequence of the railroad's negligence and the damages claimed were too remote. Id. (citing Willis v. Georgia Northern Railway Co., 314 S.E.2d 919 (Ga. 1984)). Significantly, the Aikens court recognized that allowing "a cause of action for negligent cause of purely economic loss would be to open the door to every person in the economic chain of the negligent person or business to bring a cause of action. Such an outstanding burden is clearly inappropriate and a danger to our economic system." Id. See also Willis v. Georgia Northern Railway Co., 314 S.E.2d 919 (Ga. 1984) (negligence of railroad

resulted in direct injury only to Swift Independent Packing Company; lost wages sought by employees after collision shut down the plant too remote in nature for recovery).

The policy reasons limiting tort liability for indirect economic loss compels the conclusion that Defendants owed no duty to Plaintiff or the putative class members that would warrant recovery for wages lost as the result of layoffs and terminations at the Avondale Mills facilities. Plaintiff therefore fails to state a claim upon which relief can be granted. Defendants' motions to dismiss are **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 5, 2006.